UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNUM LIFE INSURANCE COMPANY OF AMERICA,** | : | |
| Plaintiff, | | Case No. 2:21-cv-570 |
| v. | | Judge Sarah D. Morrison |
| | | Chief Magistrate Judge Elizabeth P. Deavers |
| **SHEILA DEBOARD,** *et al.*, | : | |
| Defendants. | | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Unum Life Insurance Company of America's Motion to Deposit Interpleader Funds and Request for Limited Attorneys' Fees. (Mot., ECF No. 26.) The time for responding has passed, and none were filed. Accordingly, the Motion is ripe for a decision. For the reasons set forth below, Unum's Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.   BACKGROUND**

Unum filed this interpleader action on February 8, 2021. (Compl., ECF No. 1.) Defendants are hopeful beneficiaries of $188,000 in life insurance proceeds payable under a Unum-issued policy. (*See id.*, ¶¶ 8–19.) Unum concedes liability for the life insurance proceeds, and seeks dismissal with prejudice from this action upon deposit of those funds (plus interest, and minus an award of limited attorneys' fees) with the Clerk of Court. (Mot., 2.)

## II.   ANALYSIS

The Sixth Circuit has explained that

> a federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so. An interpleading party is entitled to recover costs and attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability. The only limiting principle is reasonableness, and it is at the discretion of the Court to determine what award is appropriate.

*Holmes v. Artists Rights Enf't Corp. (AREC)*, 148 F. App'x 252, 259 (6th Cir. 2005) (internal quotations and citations omitted). District courts within the Sixth Circuit have differed on whether interpleading insurance companies are "disinterested stakeholders" whose attorney fees may be recouped. In *UNUM Life Ins. Co. of Am. v. Kelling*, the Middle District of Tennessee denied UNUM's request for attorney fees for three reasons: (1) "insurance companies should not be compensated merely because conflicting claims to proceeds have arisen during the normal course of business[;]" (2) "insurance companies, by definition, are interested stakeholders" in interpleader actions to resolve competing claims; and (3) attorney fee awards may "senselessly deplete the fund that is the subject of preservation through interpleader." 170 F. Supp. 3d 792, 794–96 (M.D. Tenn. 2001). In contrast, the Northern District of Ohio awarded attorney fees to an insurer-interpleader, finding that: (1) the company was a "disinterested stakeholder" in the sense that it did not have "an interest in the ultimate disposition of the funds[;]" (2) an award of costs arising in the ordinary course of business may be appropriate "where the party seeking costs has done so in good faith and has acted diligently throughout the

proceedings[;]" and (3) the fees sought were "reasonable." *Am. Heritage Life Ins. Co. v. Baker*, 3:18-cv-02178, 2019 WL 6341636, at *2–4 (N.D. Ohio Nov. 27, 2019).

This Court is persuaded that the *Kelling* approach is the more appropriate one—specifically because the costs Unum seeks to recover from the insurance proceeds are an ordinary cost of doing business. *See Minn. Life Ins. Co. v. Rings*, 2:16-cv-149, 2018 WL 4376793, at *2 (S.D. Ohio Sept. 14, 2018) (finding that interpleader actions "are squarely within the normal course of business for insurance companies"). Unum should not be permitted to shift those costs to the beneficiary of the insurance policy simply because that individual has not yet been identified.

### III. CONCLUSION

For the reasons set forth above, Unum's Motion (ECF No. 26) is **DENIED** to the extent that it seeks attorney fees, and **GRANTED** as to the remainder. Accordingly, **WITHIN THIRTY DAYS of the date of this Order**, Unum shall deposit the $188,000 in life insurance proceeds, plus applicable interest, with the Clerk of Court. Upon deposit of these funds into the Court's registry, Unum shall be **DISMISSED** from this action with prejudice.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison  
**SARAH D. MORRISON**  
**UNITED STATES DISTRICT JUDGE**