## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

                              :

           **Plaintiff,**

     v.

SHEILA DEBOARD, *et al.*,        :

           **Defendants.**

**Case No. 2:21-cv-570**
**Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth A.**
**Preston Deavers**

## OPINION AND ORDER

This matter is before the Court on the Harley Gray's Combined Motion to Enforce Settlement Agreement, for an Award of Attorney's Fees, and for an Order of Contempt against Sheila DeBoard. (ECF No. 145.) Ms. DeBoard failed to respond to the Motion in the time allowed under the Court's Local Rules. S.D. Ohio Civ. R. 7.2(a)(2). The Motion is ripe for consideration.

## I.    BACKGROUND

The underlying dispute involved the proper distribution of death benefits between Ms. Gray (the late-Shelly DeBoard's daughter) and Sheila DeBoard (Shelly DeBoard's sister and executor of her estate). After successful mediation, the Mses. Gray and DeBoard entered into a hand-written settlement agreement. (Settlement Agreement, ECF No. 145-1.) On December 14, 2022, the Court entered final judgment pursuant to the parties' agreement, retaining jurisdiction to enforce the Settlement Agreement and ordering the parties to comply with the terms of the Agreement. (Entry and Order of Judgment, ECF No. 143.)

Relevant to the instant motion is Paragraph (e) of the Settlement Agreement, which states that: "The Estate shall pay for and have installed a single headstone over Shelly's gravesite with her name engraved as 'Shelly DeBoard Gary'. Final approval of headstone engraving to be approved by Defendant Harley Gray." (*Id.*)

In accord with Paragraph (e), Ms. Gray chose a single headstone for the gravesite and selected the wording for the headstone.  On March 19, 2023, Ms. Gray informed Ms. DeBoard of her selection so that it could be purchased by the estate and installed at the gravesite. (March 19, 2023 Gray Email, ECF No. 145-2.) Ms. DeBoard refused to purchase the single headstone with the approved engraving and, instead, requested Ms. Gray's approval on a double headstone with an alternate engraving. (April 3, 2023 DeBoard Email, ECF No. 145-3.) Ms. Gray denied the request and insisted that Ms. DeBoard proceed with purchasing the single headstone. (April 28, 2023 Gray Email, ECF No. 145-5.) Ms. DeBoard again refused, stating that she was "unwilling to revisit the matter." (April 28, 2023 DeBoard Email, ECF No. 145-6.)

On June 1, 2023, Ms. Gray demanded once more in writing that Ms. DeBoard purchase the headstone of Ms. Gray's choice as required by the Settlement Agreement. (Demand Letter, ECF No. 145-9.) According to Ms. Gray, Ms. DeBoard again stated that she was unwilling to discuss the issue and added that, absent a court order, she would not comply with the Agreement. (ECF No. 145, PAGEID # 1172.)

## II.    MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

Ms. Gray first asks the Court to enforce the parties' settlement agreement. (ECF No. 145.) Settlement agreements are a type of contract, enforceable by either party. *Cont'l W. Condo. Unit Owners Assoc. v. Howard E. Ferguson, Inc.*, 660 N.E.2d 431, 432 (Ohio 1996) (citing, *inter alia*, *Spercel v. Sterling Indus.*, 285 N.E.2d 324, 325 (Ohio 1972)). Generally, a district court has the authority and discretion to rule on a motion to enforce an agreement in settlement of litigation pending before it. *See, e.g., Newman v. Gaudet*, No. 1:06-cv-614, 2007 WL 9734375, at *2 (S.D. Ohio Feb. 1, 2007) (citing, *inter alia*, *Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001)).

In Ohio, a valid contract requires "a meeting of the minds as well as an offer and acceptance." *Smith v. ABN AMRO Mortg. Grp., Inc.*, 434 F. App'x 454, 460 (6th Cir. 2011) (quoting *Rulli v. Fan Co.,* 683 N.E.2d 337, 338 (Ohio 1997) (syllabus)). The Sixth Circuit has explained:

> Ohio law does not require contracting parties to share a subjective meeting of the minds to establish a valid contract; otherwise, no matter how clearly the parties wrote their contract, one party could escape its requirements simply by contending that it did not understand them at the time. What it does require is that the terms of the agreement establish an objective meeting of the minds, which is to say that the contract was clear and unambiguous.

*216 Jamaica Ave., LLC v. S & R Playhouse Realty Co.*, 540 F.3d 433, 440 (6th Cir. 2008) (citations omitted). A party may not avoid its obligations under a settlement agreement simply by experiencing a change of heart or mind. *See, e.g.,Tsakanikas v. Nationstar Mrtg., LLC*, No. 2:12-cv-176, 2013 WL 3155777, at *3 (S.D. Ohio June 20, 2013) ("[H]indsight regrets will not suffice to unilaterally reopen or throw out

3

concluded negotiations."); *Spercel*, 285 N.E.2d at 327 ("To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though, as we have already determined, the agreement is of binding force.").

Here, Ms. Gray argues that the parties entered into a valid and enforceable settlement agreement, the terms of which are clear and unambiguous, and that Ms. DeBoard's refusal to purchase the headstone selected by Ms. Gray violates the Settlement Agreement. The Court agrees. The Settlement Agreement provides for a "a single headstone over Shelly's grave with her name engraved as 'Shelly DeBoard Gray.'" The Agreement then gives Ms. Gray final approval over the headstone engraving. Ms. DeBoard proposes purchasing a double headstone with an alternative engraving to which Ms. Gray objects. This proposal departs from the clear and unambiguous terms of the Settlement Agreement.

Accordingly, Ms. Gray's Motion to Enforce the Settlement Agreement is **GRANTED**.

Sheila DeBoard is hereby **ORDERED** to purchase the single headstone with engraving selected by Ms. Gray for installation at the decedent's gravesite. Ms. DeBoard is further **ORDERED** to act within **FOURTEEN DAYS** of the date of this Opinion and Order.

## III.     MOTION FOR ATTORNEY'S FEES

Next, Ms. Gray moves for an award of attorney's fees resulting from Ms. DeBoard's breach of the Settlement Agreement. Ohio courts generally follow the "American Rule," whereby each party must bear their own attorney's fees in the

4

absence of bad faith, statutory authorization, or contractual agreement. *See Rohrer Corp. v. Dane Elec Corp. USA*, 482 F. App'x 113, 117 (6th Cir. 2012). However, the American Rule does not apply "[w]hen a party breaches a settlement agreement to end litigation and the breach causes a party to incur attorney['s] fees in continuing litigation." *Id.* at 117 (citing *Shanker v. Columbus Warehouse Ltd. Partnership*, No. 99AP-772, 2000 WL 726786 (10th Dist., June 6, 2000)). Instead, the non-breaching party can recover attorney's fees as compensatory damages resulting from the settlement breach. *Id. See also Rayco Mfg., Inc. v. Murphy, Rogers, Sloss & Gambel*, 2019-Ohio-3756, 142 N.E.3d 1267 (8th Dist.) (collecting cases from Ohio's Fifth, Sixth, Seventh, Eighth, and Tenth District Courts of Appeals awarding attorney's fees for breach of settlement); *but see Shamrock v. Cobra Res., LLC*, 2022-Ohio-1998, 191 N.E.3d 1197 (11th Dist.) (applying the American Rule to breach of settlement).

Here, Ms. DeBoard's refusal to comply with the terms of the Settlement Agreement forced Ms. Gray to incur attorney's fees in filing the instant motion. As the non-breaching party, Ms. Gray is entitled to attorney's fees as compensatory damages for Ms. DeBoard's breach of settlement.

Accordingly, Ms. Gray's Motion for an Award of Attorney's Fees is **GRANTED**. Ms. Gray is **ORDERD** to submit evidence of her attorney's fees incurred in the filing of the instant motion within **SEVEN DAYS** of this Opinion and Order.

## IV.  MOTION FOR ORDER OF CONTEMPT

Finally, Ms. Gray moves for an order of contempt based on Ms. DeBoard's noncompliance with the Court's Entry and Order of Judgment, ordering the parties to comply with the terms of the Settlement Agreement. (ECF No. 143.)

When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court. *See NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 588 (6th Cir.1987). Recognizing that the power to punish for contempt should not be used lightly, the Supreme Court has stated that this power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory." *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 450, 31 S.Ct. 492 (1911). Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner. *Cincinnati Bronze,* 829 F.2d at 590. With respect to civil contempt proceedings, "[j]udicial sanctions. . . may, in a proper case, be employed for either or both of two purposes; [1] to coerce the defendant into compliance with the court's order, and [2] to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.,* 330 U.S. 258, 303–04, 67 S.Ct. 677 (1947).

In the present case, Ms. Gray seeks an order of contempt for both purposes, (1) to coerce Ms. DeBoard's compliance with the Court's order to comply with the settlement agreement and (2) to compensate Ms. Gray for attorney's fees incurred as a result of Ms. DeBoard's noncompliance.

Starting with the latter, a contempt order is not necessary to compensate Ms. Gray for the losses sustained from Ms. DeBoard's noncompliance; Ms. Gray will be made whole through the award of attorney's fees as compensatory damages for breach of settlement.

As for the former, despite Ms. DeBoard's recalcitrance, the circumstances do not yet warrant a contempt order to coerce compliance. The Court is sympathetic to the emotional nature of the parties' disagreement over the late-Ms. DeBoard's headstone. Nevertheless, the time for negotiating the terms of the settlement has passed and compliance with the Settlement Agreement is mandatory. Ms. DeBoard is cautioned that further noncompliance with court orders will not be met with such restraint.

Accordingly, Ms. Gray's Motion for an Order of Contempt is **DENIED**.

## V.  CONCLUSION

For the reasons set forth above, the Court adjudges the following on Ms. Gray's Combined Motion (ECF No. 145):

- The Motion to Enforce the Settlement Agreement is **GRANTED**.

- Sheila DeBoard is hereby **ORDERED** to purchase the single headstone with engraving selected by Harley Gray for installation at Shelly DeBoard's gravesite. Sheila DeBoard is further **ORDERED** to act within **FOURTEEN DAYS** of the date of this Opinion and Order.

- The Motion for an Award of Attorney's Fee is **GRANTED**.

8

- Harley Gray is **ORDERD** to submit evidence of her attorney's fees incurred in the filing of the instant motion within **SEVEN DAYS** of this Opinion and Order.

- The Motion for an Order of Contempt is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

8